THE NATIONAL BANK OF NEWBURGH, RESPONDENT AND APPELLANT, *v.* JAMES BIGLER, HALSEY R. STEVENS, MARY A. BIGLER, APPELLANTS, THE HIGHLAND NATIONAL BANK OF NEWBURGH, RESPONDENTS AND OTHERS.

*Accommodation indorser — when not released by the taking of new notes — right of a creditor to the security held by a surety.*

APPEAL from a judgment of foreclosure and sale, entered upon the trial of this action by the court without a jury.

On November 30, 1874, the plaintiff held paper made by J. Bigler & Co. indorsed by David Moore & Co. On that day the defendants Biglers executed to David Moore and Halsey R. Stevens (who composed the firm of David Moore & Co.) the mortgage which this action is brought to foreclose, which mortgage was for $100,000, and contained the following condition : "This mortgage is intended as a continuing security to the parties of the. second part for all present and future indebtedness of said James Bigler, or of J. Bigler & Co. to them, and as a continuing security and indemnity to said parties of the second part, for and against all liabilities they have incurred, or may hereafter incur, as indorser, acceptor or surety in any form for the said James Bigler, or J. Bigler & Co."

The articles of co-partnership of David Moore & Co., provided that the business should be continued until February 1, 1878.

In September, 1877, David Moore died. At that time the plaintiff held Bigler's paper, indorsed by David Moore & Co., to the amount of $91,500. Within a few days after Mr. Moore's death, it was agreed between Mr. Stevens (the surviving partner), Mr. Bigler (for J. Bigler & Co.), and the plaintiff as follows: When each note fell due it was to be protested and the indorsers notified. Bigler was to make new paper and Stevens to indorse it individually; and such new paper was to be discounted by the plaintiff for Mr. Stevens, and the proceeds placed to his (Stevens) credit. Stevens was then to draw his check and take up the protested paper and pledge it with the plaintiff as security for the new paper. This arrangement was made with the avowed intention by all parties to keep the orignal paper alive. Mr. Thomas S. Moore, executor of David Moore, was notified of the arrangement the day it was made, by the president of the bank, and made no objection.

This arrangement was carried out. The original paper was all protested as it fell due, and is still held by the plaintiff. Of the new paper, indorsed by Stevens individually, a part has been paid, after deducting which there remains due to the plaintiff $44,455.81.

On April 4, 1878, the executors of David Moore, deceased, and Halsey R. Stevens, the surviving partner of that firm, executed to the plaintiff and the Highland National Bank an assignment of the mortgage given by the defendants Biglers to Moore & Stevens as above stated.

This action is brought to foreclose the mortgage so assigned.

The court at General Term said: "The position assumed by the defendants Bigler & Stevens, that the mortgage in suit cannot be foreclosed by the bank holding it, because the firm of David Moore & Co. are no longer liable to these banks upon the paper which the mortgage was assigned to secure, is not tenable.

"Assuming the correctness of the claim of the appellants' counsel, that the liability of D. Moore & Co. had been extinguished by the arrangement made shortly after the death of David Moore between Bigler & Co., Stevens, as surviving partner of D. Moore & Co., and the plaintiff, which provided in effect that the notes of Bigler & Co., indorsed by D. Moore & Co., held by the plaintiff,

and secured by the mortgage, should go to protest, and after protest should be retired by new notes made by Bigler and indorsed by Stevens, and that the old notes thus retired should be pledged to plaintiff as collateral for the new paper, yet it is clear that the plaintiff, as a creditor of Bigler & Co., could be entitled to enforce the mortgage in question, which was given to Moore & Co. as collateral security for the indorsement by them of Bigler & Co.'s paper, upon the general and familiar principle of equity, that the creditor is entitled to all the securities given by the principal debtor to his surety, even when held in the name of the surety until the debt is finally paid. (*Vail* v. *Foster*, 4 Comst., 312; *Curtis* v. *Tyler*, 9 Paige, 432.)

" Here the mortgage did not stand in the name of the indorsers, but had been assigned by them to the plaintiff for the express purpose of securing their own as well as Bigler & Co.'s indebtedness.

" Under such circumstances it has been held that an extension of the time of payment given by the creditor to the principal debtor, or even a release from the debt, will not deprive the creditor of his rights to the security taken by the indorser. (*Coddington* v. *Davis*, 1 Comst., 186; *Moore* v. *Paine*, 12 Wend., 123.)

" But we are of opinion that the above arrangement, referred to, did not discharge the firm of D. Moore & Co. from liability upon the old notes.

" This plan was devised for the express purpose of avoiding any question as to the authority of Stevens, as surviving partner of D. Moore & Co., to continue the firm indorsement upon the paper of Bigler & Co. after Mr. Moore's death.

" The bank of Newburgh was willing to carry the paper, provided they could do so without releasing D. Moore & Co., and the arrangement was made at the solicitation of Stevens and Bigler, to save them from loss, and with the avowed intention on the part of all parties to keep the original notes alive, and the executor of Moore, who, at the time, was notified of the arrangement, made no objection to it.

" Even if the intention thus to preserve the original liability in force did not plainly appear, the taking of new notes, even of third persons, would not work an extinguishment of the liability upon the old notes, or discharge the security of the mortgage, in

the absence of an express agreement to that effect. (*Chapman* v. *Jenkins*, 31 Barb., 164, and cases cited ; *Crosby* v. *Craft*, 5 Hun, 327 ; affirmed, 69 N. Y., 607.)

"The indorsement by Stevens of Bigler & Co.'s notes after the death of Mr. Moore was made in pursuance of the above scheme, and, if not within his authority as surviving partner, was clearly within the scope and intent of the indemnity. The mortgage was not made to D. Moore & Co., but to David Moore and H. R. Stevens, as individuals, and was evidently intended to secure the engagements of either of them as indorsers ; and it also appeared by the terms of the co-partnership articles of D. Moore & Co. that the firm was not to be dissolved by the death of either partner, but the business was to continue until a time later than the period covered by the indorsements in question."

*J. B. Kerr*, for the National Bank of Newburgh, respondent and appellant.   *A. S. Cassidy*, for the Highland National Bank, respondent.   *Theodore F. Miller*, for Mary A. Bigler, appellant. *E. L. Fancher*, for James Bigler and H. R. Stevens, appellants.

Opinion by GILBERT, J.

Present — GILBERT and DYKMAN, JJ.; BARNARD, P. J., not sitting.

Judgment affirmed, with costs.